UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARIN WILLERT,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | CASE NO. 3:22-CV-5315-DWC<br><br>ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT |

Before the Court is Defendant's Motion to Alter or Amend the Judgment[1] Pursuant to Federal Rule of Civil Procedure (Rule) 59(e). Dkt. 15. Defendant argues the Court should alter the judgment and affirm Defendant's decision to deny benefits because the Court's decision is based on a clear error of law.

The Court may alter or amend a judgment under Rule 59(e) where the Court has committed clear error. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Rule 59(e)

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

provides an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id*. (citation and internal quotation marks omitted).

Upon review, the Court finds no error in its prior decision warranting relief under Rule 59(e). In reaching its decision, the Court considered the record as a whole and the arguments of the parties, including Defendant's previously raised arguments regarding Plaintiff's liver disease. The Court found that the ALJ failed to provide clear and convincing reasons to discount Plaintiff's subjective symptom testimony, including his reported need to elevate his legs throughout the day, which would have been work-preclusive if credited. Dkt. 13 at 4, 12. The Court summarized the ALJ's assessment of Plaintiff's subjective reporting as follows:

> The ALJ found Plaintiff's subjective reporting, generally, to be "less than fully consistent with the record." AR 111. The ALJ explained that Plaintiff's **activities of daily living** were "not entirely consistent with the extreme limitations he has alleged" (AR 11) and that **"treatment has been relatively minimal through the relevant period with documentation of missed follow up appointments"** and examinations that "have revealed some edema" but were "largely unremarkable." *Id*.

Dkt. 13 at 4 (emphasis added). The Court then stated:

> Here, **the ALJ failed to identify what portion of Plaintiff's subjective complaints were not credible** and then connect them to his conclusion that **Plaintiff did not need to elevate his legs and feet throughout the day**, but could actually stand and/or walk for up to two hours at a time. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

Dkt. 13 at 5 (emphasis added).

The Court also determined that the ALJ failed to provide substantial evidence to reject the opinions of Plaintiff's treating physician, Dr. Park, including that Plaintiff needed to elevate his legs throughout the day. Dkt. 13 at 8 (*citing* AR 112). The ALJ's reasoning for rejecting Dr.

1  Park was that "the degree of limitation [Dr. Park] has assessed is not consistent with the

2  claimant's minimal treatment history and reported symptoms." *Id*.

3        Consequently, the Court remanded for the ALJ to "reevaluate Plaintiff's credibility and

4  identify what, if any, of his activities of daily living are inconsistent with this reported need to

5  elevate his legs throughout the day." *Id*. In addition, the Court instructed the ALJ to "identify

6  what, if any, medical treatment Plaintiff should have engaged in and explain why." Dkt. 13 at 8.

7  In so doing the Court also ordered the ALJ to "reevaluate [Dr.] Park's opinion based on

8  supportability, consistency, relationship with the claimant, specialization, and other relevant

9  factors. 20 C.F.R. §§ 404.152c(c); 416.920c(c)." *Id*. at 11.

10       Defendant argues the Court committed clear error in concluding that the ALJ failed to

11 explain "what other medical treatment [the ALJ] believed Plaintiff should have engaged in"

12 because "an ALJ's finding that a claimant only engaged in conservative treatment generally does

13 not indicate that a claimant 'should have engaged in' more aggressive treatment measures, but

14 rather that a claimant's condition was not sufficiently severe to warrant more aggressive

15 treatment measures." Dkt. 15 at 2 (citations omitted).

16       Defendant's argument assumes the ALJ was referring specifically to Plaintiff's liver

17 disease when he stated that Plaintiff had engaged in "relatively minimal" treatment. However, as

18 the Court concluded, the ALJ did not explain which of Plaintiffs impairments[2] he was referring

19 to. Dkt. 13 at 6. The ALJ's exact words were:

20     Additionally, while the claimant's records show **a history of degenerative disc disease, obesity, cirrhosis, and an umbilical hernia**, the claimant's treatment has
21     been **relatively minimal** through the relevant period with documentation of missed

---

[2] The ALJ found Plaintiff suffered from the severe impairments of obesity, alcohol use disorder with cirrhosis of the liver, ascites due to alcoholic cirrhosis, lumbar degenerative disc disease, and umbilical hernia status post repair. AR 106.

1
2
      follow up appointments. Additionally, while the claimant's examinations have revealed some edema, they have otherwise been largely unremarkable.

3
4
5
AR 111 (emphasis added). Plainly, the ALJ did not state that he rejected Plaintiff's allegations due to Plaintiff's "'relatively minimal' treatment **for his cirrhosis** 'with documentation of missed follow up appointments'", as Defendant contends. Dkt. 15 at 6 (emphasis added).

6
7
8
9
10
11
12
      Further, the ALJ did not find that Plaintiff's liver disease was not sufficiently severe to warrant more aggressive treatment measures. In their Responsive Brief and again in the motion at bar, Defendants attempt to buttress the ALJ's finding by arguing that "there were more aggressive treatment measures that the claimant could have undergone had his cirrhosis symptoms been sufficiently severe—namely, a liver transplant." Dkt. 11 at 5; Dkt. 15 at 3 (*citing Revels v. Berryhill*, 874 F.3d 648, 667 (9th Cir. 2017); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2020)). But again, the ALJ did not make any such finding.

13
14
15
16
17
18
19
      As the Court discussed, in his assessment of the medical evidence the ALJ noted that Plaintiff was "initially found not to be a candidate for a [liver] transplant due to alcohol use", that he was treated "throughout the relevant period with medication", that he was "encouraged to have more frequent follow ups", and that at some point Plaintiff was found to be "clinically stable and may not require a transplant." Dkt. 13 at 6-7 (*citing* AR 110). The Court also acknowledged Defendant's arguments regarding comments in the record about Plaintiff's liver, but found them unavailing. *See e.g.* Dkt. 13 at 10; Dkt. 15 at 5.

20
21
22
23
24
      Defendant fails to direct the Court to any authority for his assertion that an ALJ is not required to "find that a claimant should have undergone more aggressive treatment measures when concluding the claimant's treatment was 'minimal' or 'conservative.'" Dkt. 15 at 8. Defendant cites to *Burch v. Barnhart*, 400 F.3d 676 (9th Cir. 2005), which does not so hold, but rather states that an ALJ may partially discredit a claimant's pain testimony based on a finding

that her pain was not severe enough to motivate her to seek more treatment. *Id*. at 681. Defendant also references SSR 16-3p, which discusses how to evaluate a claimant's symptom testimony, and 20 CFR 404.1529(c)(3) and 416.929(c)(3), which lists factors an ALJ may consider when evaluating the intensity, persistence, and limiting effects of an individual's symptoms. None of these authorities prohibit the Court from requiring the ALJ, upon remand, to explain what medical treatment he believed Plaintiff should have sought when he concluded that Plaintiff's treatment had been "relatively minimal."

To the contrary, the law is clear that the ALJ must specify what testimony is not credible and identify the evidence that undermines the claimant's complaints—"[g]eneral findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.1998) (internal quotations omitted). Moreover, when an ALJ rejects a claimant's symptom testimony on the basis that treatment for that symptom was minimal, the ALJ must take into account the condition being treated and also consider possible reasons the claimant did not engage in more treatment. *Revels v. Berryhill*, 874 F.3d 648, 667 (9th Cir. 2017); SSR 16-3p. [3]

Here, the ALJ failed to specify what portion of Plaintiff's testimony was not credible, failed to point to evidence that undermined that testimony, failed to explain which of Plaintiff's symptoms or conditions were minimally treated, failed to account for how such symptoms or conditions would ordinarily be treated, and failed to consider possible reasons Plaintiff allegedly did not engage in other treatment. Therefore the Court instructed the ALJ, upon remand, to do so.

---

[3] SSR 16-3p explains, *inter alia*, "if the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record." *Id*. at 9. "**We will not** find an individual's symptoms inconsistent with the evidence in the record on this basis **without considering possible reasons he or she may not comply with treatment or seek treatment** consistent with the degree of his or her complaints." *Id*. (emphasis added).

Curiously, Defendant does not defend the ALJ's failure to provide legally sufficient reasons to discredit the opinion of Plaintiff's treating physician, Dr. Park, even though the thrust of Defendant's argument is that Dr. Park noted missed medication management appointments and lack of full compliance with recommended lifestyle changes. Defendant states,"[it] is not defending the ALJ's supportability finding or the ALJ's finding that the degree of limitation assessed by Dr. Park was inconsistent with Plaintiff's "reported symptoms." Dkt. 15 at 9. Yet, Defendant argues the Court clearly erred by noting that the ALJ failed to consider Dr. Park's specialization in internal medicine because "ALJs 'are not required to' explain how they considered a medical source's relationship with the claimant, specialization, or other factors besides consistency and supportability, unless the ALJ finds two or more medical opinions or prior administrative findings equally persuasive about the same issue", which did not happen here. Dkt. 15 at 8 (*citing* 20 C.F.R. §§ 404.1520c(b)(2)-(3), 416.920c(b)(2)-(3)). Upon further review the Court finds Defendant is correct on this single point. However, the Court's failure to appreciate this nuance in the regulations did not result in clear error.

For the foregoing reasons Defendant's motion to amend the judgment (Dkt. 15) is denied.

Dated this 1st day of December, 2022.

David W. Christel
United States Magistrate Judge